IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JON L. JOHNSON, # 179845,        :

     Plaintiff,             :

vs.                        :   CIVIL ACTION 22-0223-TFM-N

PHILLIP MITCHELL, *et al.*,     :

     Defendants.          :


## REPORT AND RECOMMENDATION


Plaintiff Jon L. Johnson, an Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983.[1]  This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), is recommended to be transferred to the United States District Court for the Northern District of Alabama.

Johnson is incarcerated at St. Clair Correctional Facility ("St. Clair") in the Northern District of Alabama, in Springville, Alabama.  The addresses provided for Defendants Captain Gram, Lieutenants Roderick Gaston and Derrick M. Dent, and Warden Phillip Mitchell reflect that they reside in Springville, Alabama, in the Northern

---

[1]  Johnson filed a Motion to Proceed Without Prepayment of Fees (Doc. 4), which was granted.  (Doc. 7).  Subsequently, Johnson paid the ordered partial filing fee of $10.83. (Doc. 8).  Given the recommended disposition of this action by this Court, the Clerk is **directed** to send the partial filing fee to the Clerk for the United States District Court for the Northern District of Alabama so the entire filing fee will reside with the court in which the action proceeds.

District.  (Doc. 4 at 5-6, PageID.16-17).  The address for Defendant Jefferson Dunn

reflects that he resides in Montgomery, Alabama, in the Middle District.  In the amended

complaint, Johnson complains about a disciplinary proceeding at St. Clair, the event

that led to the disciplinary, and the handling of his grievance after the disciplinary.

Based on the face of the amended complaint, no connection to the Southern District of

Alabama exists in this action, and thus this action should proceed elsewhere.

A § 1983 action may be brought in

> (1) *a judicial district in which any defendant resides*, if all defendants are residents of the State in which the district is located;
>
> (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2011) (emphases added); *see New Alliance Party of Ala. v. Hand*,

933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a §

1983 action).  When venue is not proper in the district of filing, a district court may

transfer the action, in the interest of justice, to a court in any other district or division

where the action might have been brought.  28 U.S.C. § 1406(a)(1996); *see Nalls v.*

*Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011); *Kapordelis v. Danzig*,

387 F. App'x 905, 906-07 (11th Cir.), *cert. denied,* 562 U.S. 1250 (2011).

Because no connection to this district exists, venue is lacking in the Southern District of Alabama.  Bearing in mind that the events giving rise to allegations occurred in the Northern District of Alabama, where many Defendants who are connected to those events reside, the undersigned finds that the Northern District of Alabama would be a proper and convenient District for this action to proceed.  Considering Johnson is *pro se*, it is recommended, in the interest of justice, that his action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

---

[2]     Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this  28th day of November, 2022.

                                        /s/ *Katherine P. Nelson*
                                        **UNITED STATES MAGISTRATE JUDGE**