UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JON L. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00154-ACA-SGC |
| CO1 PHILLIP MITCHELL, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Jon L. Johnson brought this action under 42 U.S.C. § 1983 alleging violations of his rights under the United States Constitution. The magistrate judge entered a report on September 8, 2023, recommending Mr. Johnson's claims be dismissed without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim on which relief could be granted. (Doc. 19). The magistrate judge advised Mr. Johnson of his right to file written objections within fourteen days. (*Id.* at 16–17). The court did not receive any objections within the time prescribed and on October 19, 2023, the court adopted the magistrate judge's report, accepted the recommendation, and entered a final judgment dismissing the case without prejudice. (Docs. 20, 21).

On November 8, 2023, the court received a document from Mr. Johnson that was styled as a "Motion to Object" and was dated on September 23, 2023. (Doc. 22 at 1, 11). Under the prison mailbox rule, the document is deemed filed on September

23, 2023, because that is the date Mr. Johnson, a *pro se* prisoner, signed the document. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988) (holding a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, [a court] will assume [a *pro se* prisoner's] motion was delivered to prison authorities the day he signed it . . . ."). Because the report and recommendation was filed on September 8, 2023, objections were due on September 22, 2023 (*see* doc. 19 at 11–12); the docket, however, erroneously noted that objections were due on September 23, 2023. Therefore, the court will treat Mr. Johnson's filing as timely objections to the report and recommendation.

Because the court entered its memorandum opinion and final judgment without considering these objections, the court will **VACATE** its memorandum opinion (doc. 20) and final judgment (doc. 21). For the reasons stated below, the court will **OVERRULE** the objections, **ADOPT** the report, and **ACCEPT** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

Mr. Johnson's claims arose out of an April 2022 prison disciplinary proceeding. Mr. Johnson asserted that he was not afforded procedural due process

in the proceeding. He also asserted the punishment he received after being convicted in the proceeding violated his right to substantive due process and his right to be free from cruel and unusual punishments. (Docs. 4, 6, 16).[1]

The magistrate judge's report concluded in relevant part that Mr. Johnson's punishment alone did not amount to the deprivation of a protected liberty interest that triggered due process protections under the Fourteenth Amendment. (Doc. 19 at 12). The magistrate judge also concluded that although Mr. Johnson alleged his new cell was overrun with rats and roaches, that allegation did nothing more to suggest the deprivation of a protected liberty interest because Mr. Johnson did not allege facts that would permit the inference that the conditions of his new cell were different from prison conditions generally. (*Id.*). The magistrate judge further concluded Mr. Johnson did not allege any of the defendants were aware of the vermin problem in his cell or that they disregarded it, as would be necessary to state a plausible claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 15).

In his objections, Mr. Johnson asserts a significant number of factual allegations for the first time. (*See* doc. 22 at 5). He objects to the magistrate judge's

---

[1] The magistrate judge inferred from Mr. Johnson's factual allegations that his punishment was confinement in disciplinary segregation for thirty days followed by a transfer to a different dorm at St. Clair Correctional Facility. (Doc. 19 at 11–12). However, the disciplinary report Mr. Johnson attached to his pleadings reflects the punishment imposed for his conviction was confinement in disciplinary segregation for fifteen days. (Doc. 16 at 19).

finding that he was confined to segregation for thirty days and that he was confined in one cell in disciplinary segregation for four months and then in a different cell "on the back side" of the disciplinary segregation unit for an additional two months. (*Id.*). He also includes new and more detailed conditions of his segregation. (*Id.* at 4–5). Finally, Mr. Johnson alleges he was not allowed to pack his personal possessions before being moved to segregation, and when he received his possessions in segregation, several of his personal items were missing. (*See id.* at 2–4).

As the magistrate judge explained to Mr. Johnson, his objections should not contain new allegations, present additional evidence, or repeat legal arguments. (Doc. 19 at 6). And even if the court could consider allegations Mr. Johnson raised for the first time in his objections, those allegations do not save his due process or Eighth Amendment claims.

Accordingly, the court will **VACATE** its memorandum opinion (doc. 20) and final judgment (doc. 21). The court will **OVERRULE** Mr. Johnson's objections to the magistrate judge's report and recommendation (doc. 22) and **ADOPT** the report and **ACCEPT** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

A final judgment will be entered.

**DONE** and **ORDERED** this March 27, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE